BAUER, Circuit Judge,
with whom EASTERBROOK, Circuit Judge, joins, dissenting.
The gist of my argument against the majority opinion is contained in a footnote addressing the dissent in the panel opinion (now dead) when this ease was first before us. I repeat it now:
The dissent believes that Mayfield was entitled to an entrapment defense. It argues that a jury could have found the government inducement “extraordinary,” because stash-house robberies are particularly lucrative compared to other sorts of robberies. The dissent reasons that the inducement would only be extraordinary to a non-veteran stash-house robber, and that it was for the jury to decide if Mayfield had robbed stash houses before. We cannot endorse this analysis. It effectively collapses the inducement and predisposition elements of entrapment and would allow otherwise predisposed criminals to claim entrapment simply because they were entering a new, more lucrative field of crime. Whether a government agent’s offer is extraordinary should be considered in light of the terms on which crimes of this sort are typically committed. See United States v. Pillado, 656 F.3d 754, 765 (7th Cir.2011). Nothing in the record suggests that this planned stashhouse robbery would be any more lucrative than the typical stash-house robbery. And as we stressed previously, the risk-adjusted rewards for this crime were not so great; Mayfield planned to risk his life and to risk prosecution for murder if he lived.
The record shows the defendant was salivating to commit the crime. The fact *444 that he was exceptionally greedy should not entitle him to an entrapment defense.